IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


**UNITED STATES OF AMERICA,**

   **Plaintiff,**

v.                                                          No. 99-cr-30022-5-DRH

**FREDERICK LEE IRONS,**

   **Defendant.**


**ORDER**


**HERNDON, Chief Judge:**

   Now before the Court is defendant Frederick Lee Irons' motion for retroactive application of sentencing guidelines to crack cocaine offense 18 U.S.C. 3582-2011, filed on April 24, 2012 (Doc. 699). The government responded in opposition to defendant's motion (Doc. 704). For the reasons set forth below, defendant's instant motion, representing his second frivolous attempt at receipt of a reduced sentence, needlessly wastes the judicial resources of this Court and is accordingly **DENIED.**

   On June 6, 1999, defendant pled guilty to Counts 1, 2, and 3 of the superseding indictment (Doc. 77). Count 1 was a drug-related offense which charged defendant with conspiracy to distribute cocaine base. Counts 2 and 3 were also drug-related offenses, charging defendant with possession with intent to

distribute cocaine base. The pre-sentence investigation report (PSR) calculated defendant's relevant conduct as, "at least 31 kilograms of cocaine base in the form of 'crack' cocaine." For the then mandatory guidelines, the PSR stated defendant was subject to the highest base offense level (38), which was triggered by any amount over 1.5 kilograms of crack cocaine in the Drug Quantity Table. Defendant objected to responsibility for more than 1.5 kilograms of cocaine base (Doc. 112).

At defendant's sentencing on November 5, 1999, case agent Rick Stonecipher testified as to certain statements given to him during the course of his investigation of defendant and his fellow conspirators. Most relevantly, Stonecipher related that conspirator Lonzell Simmons stated that he, Theodore "Buckeye" Johnson, and defendant made 64 trips to Chicago, with most resulting in the purchase of 18 ounces (456 grams) of crack. On three or four of these trips, 30 ounces (850 grams) was obtained. Thus, the Court found, "[w]ith respect to the evidence the Court's heard relative to the objections, the Court finds that the credible and competent evidence *supports the assertions made by the Probation Department in the [PSR]*, and finds that the relevant conduct in this case exceeds 1.5 kilograms and finds that the Government has met its burden relative to the issues herein." Accordingly, the Court specifically adopted the findings of the PSR, as it found defendant's base offense level was 38, U.S.S.G. § 2D1.1(c)(1), reduced by three levels due to his acceptance of responsibility. U.S.S.G. § 3E1.1. Thus, with a total offense level of 35 and a criminal history category of III, the Court imposed a sentence within Guideline range of 240 months imprisonment.

As defendant's instant motion deceptively neglects to state, the Seventh Circuit upheld defendant's sentence on appeal. *United States v. Irons,* No. 99-3955, 2001 WL 210593 (7th Cir. Mar. 2, 2001) (non-precedential). Relevant to the instant motion, and again deceptively omitted by defendant, defendant filed his first *pro se* 18 U.S.C. § 3582(c) motion on March 5, 2008, asserting the 2007 amendments to the Guidelines had reduced his offense by two levels (Doc. 564). This Court denied defendant's motion, as the amendments did not reduce the sentencing range of defendants whose relevant conduct was 4.5 kilograms or more of crack cocaine; defendant's relevant conduct of 31 kilograms clearly exceeded that amount (Doc. 654) (citing *United States v. Forman,* 553 F.3d 585, 588 (7th Cir. 2009), *cert. denied,* 129 S. Ct. 2817 (2009)). Not surprisingly, defendant again declines to mention that the Seventh Circuit upheld this Court's denial of defendant's first 18 U.S.C. § 3582(c) motion (*See* Doc. 665-1, Mandate of USCA, *United States v. Irons,* 10-3648 (7th Cir. Feb. 24, 2011)).

This brings the Court to the instant frivolous and misleading attempt of defendant, through his undersigned counsel, to receive a reduced sentence based on inapplicable Guideline amendments. Amendment 750, effective November 1, 2011, amended U.S.S.G. § 2D1.1(c), to require 8.4 kilograms of cocaine base to trigger the maximum base offense level of 38. Under § 3582(c)(2), a two-step process governs whether a sentence is reduced. *Dillon v. United States,* --- U.S. ---, 130 S. Ct. 2683, 2691 (2010). First, the district court must determine if defendant is eligible for a reduction under the amended Guidelines. *Id.* If he is not, the district court does not have authority to reduce the sentence. U.S.S.G. §

1B1.10(a)(2)(B). If, however, defendant is eligible for the reduction, the district court has discretion regarding whether a reduction is appropriate under the 18 U.S.C. § 3553(a) sentencing factors. *Dillon,* 130 S. Ct. at 2692. In exercising that limited discretion, the court "shall leave all other guidelines application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

Defendant argues, "Section 3582(c)(2) authorizes the district court to re-calculate a [d]efendant's range under the altered amendment, and determine an appropriate sentence in accordance with the applicable § 3553(a) factors." Defendant goes on to state, "Amendment 750 lowers the total offense level in [defendant's] [PSR], based on at least 1.5 kilograms of cocaine base, to level 31." Thus, as defendant has completed various drug education programs, defendant argues he is eligible for a reduced sentence of 135 months imprisonment.

Thus, presumably, defendant relies on the Court's statement at sentencing referencing the amount of "1.5 kilograms," as support for his contention that Amendment 750 applies to his sentence. Obviously, defendant misstates the Court's statements as well as the law. The Court's references to 1.5 kilograms at sentencing clearly related to the *minimum* quantity of drugs then required to trigger the maximum base offense level. They unequivocally did not relate to the full amount of cocaine base for which the Court found defendant responsible. The Court specifically adopted the findings of the PSR, which state defendant was responsible for 31 kilograms of cocaine base. Accordingly, Amendment 750 has no effect of defendant's sentence and this Court lacks jurisdiction to entertain his

meritless motion further. *See Forman,* 553 F.3d at 588. Thus, it is **DENIED** (Doc. 699).

**IT IS SO ORDERED.**

Signed this 25th day of May, 2012.

Digitally signed by David R. Herndon
Date: 2012.05.25 10:53:33 -05'00'

**Chief Judge**
**United States District Court**